J-A13029-18

2018 PA Super 236

| | | |
|---|---|---|
| IN RE: PETITION OF A.M.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE PENNSYLVANIA STATE POLICE | : | No. 1275 WDA 2017 |
| AND ALLEGHENY COUNTY | : | |
| DEPARTMENT OF BEHAVIORAL | : | |
| HEALTH | : | |

Appeal from the Order September 11, 2017
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  CC 253 OF 2017

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

OPINION BY DUBOW, J.:                    FILED AUGUST 28, 2018

A.M.M. appeals from the Order entered in the Allegheny County Orphans' Court dismissing her Petition for Expungement filed pursuant to 18 Pa.C.S. § 6111.1(g)(2) challenging the sufficiency of the evidence underlying her March 2000 involuntary commitment for mental health treatment pursuant to the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7302.[1] After careful review, we conclude that because A.M.M. waited seventeen years to

_____

[1] Appellant filed her notice of appeal on September 6, 2017, from the court's oral pronouncement of dismissal made on August 23, 2017.  The court entered its Order, however, on September 11, 2017.  Although the Notice of Appeal was filed prior to the entry of the Order from which appeal is taken, pursuant to Pa.R.A.P. 905(a)(5), a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry.  We have changed the caption the reflect the Order's docket entry date.

challenge her involuntary commitment, the doctrine of laches applies to bar her expungement action. Accordingly, we affirm.

On March 26, 2000, Appellant was involuntary committed to a hospital under Section 302 of the MHPA. Seventeen years later, after she attempted to purchase a firearm, she filed a Petition for Expungement pursuant to 18 Pa.C.S. 6111.1(g)(2).[2] See "Petition for an Order to Declare Null and Void and To Vacate and Expunge and Destroy the Records of Involuntary Emergency Examination and Treatment Pursuant to Section 7302 of the [MHPA,]" filed 6/2/17. Appellant based her Petition on a contention that the involuntary commitment was "invalid and illegal due to failure to comp[l]y with the requirements of the [MHPA]." Id. at 1. She annexed to her Petition a letter from the records manager at Heritage Valley Health System in Sewickley, Pennsylvania, addressed "to Whom it May Concern," indicating that medical records of adults are destroyed after ten years. See Letter, marked Exhibit A. Appellant also annexed two identical copies of a Notification of Mental Health Commitment ("Act 77 Notifications") indicating that Dr. Valley of the Suburban General Hospital certified Appellant's involuntary commitment. See Act 77 Notifications, annexed as Exhibit A to Petition to

_____

[2] Appellant also sought relief from the prohibition against possessing firearms pursuant to 18 Pa.C.S. § 6105(c)(4). However, she abandoned that request by not presenting any argument on that portion of the relief requested at the hearing before the trial court, and has presented no issues pertaining to the denial of Section 6105 relief in this appeal.

Expunge. Appellant also annexed, also as part of Exhibit A, a copy of a "302 Dump Report" dated March 26, 2000, indicating that her involuntary commitment was the result of having taken "a handful of doxepin."[3] See 302 Dump Report.[4]

The orphan's court held an expungement hearing on August 22, 2017, at which the court did not consider the merits and the only issue argued by the attorneys was whether a six-year statute of limitations, the discovery rule, and/or laches applied to the action. The Pennsylvania State Police ("PSP") argued that the Petition should be dismissed "on its face" because the six-year statute of limitations provided in 42 Pa.C.S. § 5527(b) barred the expungement action[5] and the discovery rule did not apply. N.T., 8/22/17, at 4, 6, 9. Alternatively, PSP averred that laches barred the expungement action because A.M.M. had waited seventeen years to challenge the sufficiency of the evidence supporting her involuntary commitment. See id. at 7 (counsel stating "[h]ospitals have retention requirements. They probably have purged

_____

[3] Doxepin is used to treat, inter alia, anxiety, depression, and insomnia. https://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0000618/.

[4] The 302 Dump Report refers to Appellant as "client" and Officer Donald Mason as "petitioner," who acted pursuant to a warrant. See 302 Dump Report.

[5] 42 Pa.C.S. § 5527(b) provides that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years."

the records that were there or whatever their process is[.]").   A.M.M.'s counsel responded that the discovery rule applied; therefore, if a six-year statute of limitations applied, it did not begin to run until 2017 when A.M.M. learned that she could not obtain a firearms license because of the commitment.

After hearing counsels' arguments, the court dismissed the Petition.

Appellant appealed.   Both Appellant and the orphan's court complied with Pa.R.A.P 1925.

Appellant raises the following issues for our review:

1. Is evidence that a commitment occurred essential to opposing an expungement action?

2.  Is the 302 application form a necessity to a 302 commitment?

3. Does due process require that 302 application form to be entered into evidence?

4. Is the doctrine of laches not applicable without an evidentiary hearing?

5. Is the doctrine of laches applicable to void commitments?

Appellant's Brief at 2-3 (unnecessary capitalization and commentary omitted).

We review the trial court's denial of a motion for expunction for an abuse of its discretion   Commonwealth v. Smerconish, 112 A.3d 1260, 1263 (Pa. Super. 2015) (citations omitted).

Appellant relied on 18 Pa.C.S. §6111.1(g)(2) to challenge the sufficiency of the evidence supporting her seventeen-year-old Section 302 commitment. Section 6111.1(g)(2) provides:

- 4 -

> (2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60-day period set forth under section 6105(a)(2).[6]

18 Pa.C.S. § 6111.1(g)(2)

Our Supreme Court has held that a Section 6111.1(g)(2) expungement petition does not garner a trial de novo; rather, the only evidence the court need consider is that which supported the commitment (i.e., the physician's records) and requires deference to the physician's findings of fact. In re Vencil, 152 A.3d 235, 242 (Pa. 2017). However, where the passage of time makes it impossible to ascertain the details of the underlying facts and procedures, the doctrine of laches may bar the requested relief.

Laches is an equitable remedy that "bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another." Sprague v. Casey, 550 A.2d 184, 187 (Pa.

_____

[6] 18 Pa.C.S. § 6105(c)(4) provides that a person who has been involuntarily committed to a mental institution for inpatient care and treatment under Section 302 of MHPA may not possess a firearm. Section 6105(a)(2) mandates that such a person has 60 days in which to sell or otherwise relinquish or dispose of their firearms. 18 Pa.C.S. § 6105(a)(2). As noted above, a Section 6111.1(g)(2) challenge to the sufficiency of the evidence tolls that 60-day relinquishment period. Our legislature has not, however, provided a statute of limitations period in the MHPA for challenging the sufficiency of the evidence supporting the Section 302 commitment.

1988) (citation omitted). It is well-settled that the doctrine of laches applies "by reason of the original transactions having become so obscured by time as to render the ascertainment of the exact facts impossible." Fulton v. Fulton, 106 A.3d 127, 134 (Pa. Super. 2014). See also § 79:79. Laches, generally, 14 Standard Pennsylvania Practice 2d § 79:79 ("It is clearly in the public interest that, at some ascertainable time, a party must be required to discover the full extent of his or her claim and to assert it in the courts so as to prevent the threat of litigation from hampering indefinitely the business of government or private parties.").

"[I]n order to prevail on an assertion of laches, respondents must establish: a) a delay arising from petitioner's failure to exercise due diligence; and b) prejudice to the respondents resulting from the delay." Sprague, supra, at 188 (citations omitted). "[T]he sort of prejudice required to raise the defense of laches is some changed condition of the parties which occurs during the period of, and in reliance on, the delay." Id. The question of laches is factual and is determined by examining the circumstances of each case. Id. at 188 (citing Leedom v. Thomas, 373 A.2d 1329 (Pa. 1977)). Thus,

> The correct inquiry in determining whether [one's] conduct resulted in a want of due diligence is to focus not upon what the plaintiff knows, but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him[.] What the law requires of petitioner is to discover those facts which were discoverable through the exercise of reasonable diligence.

Sprague, supra at 188 (citations and internally quotation marks omitted).

Appellant does not dispute that she was transported to Suburban General Hospital on March 26, 2000, by a police officer, and the documents she attached to her Petition show that to be the case. The documents also show that Dr. Valley at the hospital certified Appellant's involuntary commitment. Appellant nonetheless asserts that because the PSP did not produce a copy of the 302 application to oppose her expungement petition, the "PSP cannot possibly prove that an alleged 302 commitment was lawful and valid, that it complied with each and every one of the procedural mandates and due process protections of the MHPA[.]" Appellant's Brief at 26. Appellant is essentially challenging the sufficiency of the evidence supporting her involuntary commitment.

While the MHPA provides no statute of limitations for bringing a challenge to the sufficiency of the evidence supporting the commitment, it is reasonable to conclude that the passage of seventeen years has "rendered the ascertainment of the exact facts impossible." Fulton, supra at 134. Indeed, the letter Appellant submitted to the court from the Heritage Valley Health System in Sewickley indicating the destruction of records after ten years supports the conclusion that Appellant's delay in seeking review has resulted in prejudice, not only to the medical agency who would have submitted the Section 302 application, but also to Appellant herself.

We conclude that Appellant is "guilty of want of due diligence in failing to promptly institute the action" seeking to expunge her record of commitment.  Sprague, supra, at 187.  Accordingly, the trial court properly dismissed Appellant's Petition for Expungement based on laches.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2018