J-S56001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ROBERT ROMANO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: ROBERT ROMANO | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 37 EDA 2019 |

Appeal from the Order Entered November 26, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-MD-0001439-2016

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:              **FILED JANUARY 10, 2020**

Appellant, Robert Romano, challenges the order entered in the Philadelphia County Court of Common Pleas, dismissing his petition to expunge his involuntary commitment record pursuant to the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7101 *et seq*. Appellant's involuntary commitments prevent him from possessing a firearm under 18 Pa.C.S.A. § 6111.1(g)(2). After careful consideration, we affirm.

In February 2008 and September 2009, Appellant was involuntarily committed to 120 hours of inpatient mental health treatment under Section 302 of the MHPA. On March 16, 2016, he filed a petition for expungement under 18 Pa.C.S.A. § 6111.1(g)(2) and 18 Pa.C.S.A. § 6105(f)(2), in order to obtain relief from the prohibition placed on him against possessing firearms. Following a hearing, the trial court found that the petition under section

6111.1(g)(2) was filed outside the six-year statute of limitations on civil actions and dismissed it.

Appellant filed a timely notice of appeal. This Court initially quashed the appeal, finding that the order dismissing his petition did not dispose of all claims, and remanded for the trial court's evaluation of the section 6105(f)(2) claim. The trial court held another evidentiary hearing, and determined Appellant may carry a firearm under 18 Pa.C.S.A. § 6105(f)(1). However, the court again denied relief on Appellant's petition for expungement. Appellant timely filed a notice of appeal, and this case is now properly before us.

Appellant challenges the trial court's determination that the statute of limitations expired before he filed his petition. While Appellant acknowledges that over six years elapsed between the last time he was involuntarily committed and the time he filed his petition, he contends he was unaware of the continuing legal consequences stemming from his involuntary commitment. He invokes the discovery rule in order to argue that the statute of limitations should have begun to run only after he became aware of the factual basis for challenging his commitments, rather than from the date of the allegedly wrongful commitments themselves. We disagree.

The Uniform Firearms Act bars a person involuntarily committed under the MHPA from possessing or otherwise controlling firearms. **See** 18 Pa.C.S.A. § 6105(c)(4). For purposes of this appeal, it is undisputed that Appellant is prohibited from possessing a firearm under section 6105(c)(4). He contends that is entitled to relief under section 6111.1(g)(2).

> Section 6111.1(g)(2) provides one avenue to lift the firearm restrictions that result from a 302 commitment. It states [that a] person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60–day period set forth under section 6105(a)(2).

*In re Vencil*, 152 A.3d at 238 (citation omitted). "We review the trial court's denial of a motion for expunction for an abuse of its discretion." *A.M.M. v. Pennsylvania State Police*, 194 A.3d 1114, 1117 (Pa. Super. 2018) (citation omitted).

To qualify for expunction under 6111.1(g)(2), Appellant must establish that his involuntary commitment pursuant to the MHPA was based on insufficient evidence. Appellant was involuntarily committed under 50 P.S. § 7302. Under section 7302, a person may be involuntarily committed if he "is severely mentally disabled … and in need of immediate treatment." "An individual is severely mentally disabled if as a result of mental illness, his capacity to exercise self-control, judgment and discretion in the conduct of his affairs and social relations or to care for his own personal needs is so lessened that he poses a clear and present danger of harm to others or to himself." *In re Vencil*, 152 A.3d at 237 (internal quotations and citation omitted). A person poses a clear and present danger to himself where he:

> has acted in such manner as to evidence that he would be unable, without care, supervision and the continued assistance of others,

to satisfy his need for nourishment, personal or medical care, shelter, or self-protection and safety, and that there is a reasonable probability that death, serious bodily injury or serious physical debilitation would ensue within 30 days unless adequate treatment were afforded under this [Act.]

50 P.S. § 7301(b)(2)(i). This Court has held that, under the MHPA, discretion lies with the fact finder to "determine whether the evidence supports a finding by clear and convincing evidence that appellant posed a clear and present danger of harm to others or himself." *In re Hancock*, 719 A.2d 1053, 1058 (Pa. Super. 1998) (citation omitted).

However, the trial court did not reach the substance of this issue. Rather, the court determined that the statutory limitation period had expired before Appellant filed his petition. The MHPA does not attach a specific statute of limitations to its provisions. *See* 50 P.S. §§ 7101-7503. However, any civil action or proceeding not subject to another limitation nor excluded from any limitation must be commenced within six years of the date of injury. *See* 42 Pa.C.S.A. § 5527(b). The statute of limitations is an affirmative defense, which may be waived. *See Griffin v. Central Sprinkler Corp.*, 823 A.2d 191, 195 (Pa. Super. 2003).

While our Court has not squarely addressed whether challenges to the MHPA are subject to the six-year catchall statute of limitations, related decisions provide some guidance pertinent to Appellant's arguments. "The discovery rule originated in cases in which the injury or its cause was neither known nor reasonably knowable." *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005) (citations omitted). In *A.M.M. v. Pennsylvania State Police*, a panel

of this Court affirmed the trial court's dismissal of the appellant's petition for expungement. *See* 194 A.3d at 1116. The appellant in *A.M.M.* also invoked the discovery rule, which the panel rejected. *See id*., at 1118. The panel ultimately found the claim, presented over seventeen years after she was involuntarily committed, was barred by the equitable doctrine of laches given that the appellant's delay in filing her petition meant many records relevant to her commitment had been destroyed in the intervening years. *See id*., at 1116.

Here, Appellant acknowledges that his most recent involuntary commitment occurred over six years before his petition was filed. *See* Appellant's Brief, at 10. Appellant does not contend he was somehow unaware of his involuntary commitments when they occurred, in 2008 and again in 2009. He also does not maintain that the prohibition on his possession of firearms was somehow undiscoverable at that time. Instead, he merely posits that he did not become *actually* aware of this ban until 2011, when his application to purchase a firearm was denied. He then waited until 2016, a further five years, to contest the sufficiency of the evidence supporting his involuntary commitments, and to request their expungement. The Pennsylvania State Police then raised the statute of limitations at the hearing on expungement.

The trial court held that "the knowledge of the commitment itself, not the knowledge of disability from firearm possession, triggers the statute of

limitations." Trial Court Opinion, filed 4/1/19, at 9. We agree with the court's assessment.

The "injury" at issue here is Appellant's involuntary commitment. One consequence of this injury was the loss of Appellant's right to possess a firearm. After having been involuntarily committed, Appellant was obligated to discover any "reasonably knowable" conditions associated with that commitment. **Fine**, 870 A.2d at 858. Appellant is presumed to know the law. **See Commonwealth v. Robertson**, 186 A.3d 440, 446 (Pa. 2018). Therefore, the firearm disability imposed by law as a result of his involuntary commitment was reasonably knowable. As we cannot say the trial court abused its discretion, we affirm the dismissal of Appellant's petition for expungement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/20