J-S74003-19

2020 PA Super 54

| IN RE: P.M. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| APPEAL OF: P.M. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | No. 1707 EDA 2019 |

Appeal from the Order Entered May 28, 2019
In the Court of Common Pleas of Chester County Civil Division at No(s):
120 PMT 05

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY BENDER, P.J.E.:                                    **FILED MARCH 06, 2020**

Appellant, P.M., appeals from the trial court's May 28, 2019 order denying his petition for expungement filed pursuant to 18 Pa.C.S. § 6111.1(g)(2), challenging the sufficiency of the evidence to support his September 2005 involuntary commitment under 50 P.S. § 7302 ("Section 302") of the Mental Health Procedures Act ("MHPA").[1]  After careful review, we agree with the trial court that a six-year statute of limitations applies to petitions filed under Section 6111.1(g)(2).  Because Appellant's petition was filed over 12 years after his Section 302 commitment, we affirm.

Appellant's appeal stems from the following facts.  In 2005, he was involuntarily committed under Section 302.  After his release, he did not challenge the commitment in any fashion.  Nearly 13 years later, in August of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 50 P.S. §§ 7101-7503.

2017, Appellant was denied the purchase of a gun, as Pennsylvania law prohibits a person who has been committed pursuant to Section 302 "from possessing, using, controlling, selling, transferring, manufacturing or obtaining a license to possess a firearm." 18 Pa.C.S. § 6105(c)(4). Consequently, on May 29, 2018, Appellant filed a petition to expunge the record of his Section 302 commitment, naming the Pennsylvania State Police ("PSP") as the respondent, and averring that he was entitled to expungement under 18 Pa.C.S. § 6111.1(g)(2).[2] That provision states:

> (2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60-day period set forth under section 6105(a)(2).

18 Pa.C.S. § 6111.1(g)(2). "Section 6111.1(g)(2) provides one avenue to lift the firearm restrictions that result from a [Section] 302 commitment." *In re Vencil*, 152 A.3d 235, 238 (Pa. 2017).

On January 22, 2019, the trial court conducted a hearing on Appellant's petition. At that proceeding, Appellant testified, and all of the available medical records concerning his involuntary commitment were admitted.

_____

[2] An amended version of Section 6111.1 took effect on June 20, 2016, but it did not alter the text of Section 6111.1(g)(2). *In re J.M.Y.*, 218 A.3d 404, 416 n.15 (Pa. 2019).

Notably, the Application for Involuntary Emergency Examination and Treatment was admitted, but "several parts of [that Section] 302 application [were] entirely blank, including the patient's rights (Part IV), [and] the physician's examination and results (Part VI)." Trial Court Opinion, 2/14/19, at 4.

On February 14, 2019, the court entered an order and opinion denying Appellant's petition for expungement. In pertinent part, the court concluded that Appellant's petition was filed beyond the applicable six-year statute of limitations. *Id.* at 7. Alternatively, the court concluded that the doctrine of laches barred relief for Appellant. *Id.* at 6 (relying on *A.M.M. v. Pennsylvania State Police*, 194 A.3d 1114 (Pa. Super. 2018)).

Appellant thereafter filed a motion for reconsideration. After realizing that a procedural error had occurred earlier in the proceedings, the court granted reconsideration and vacated its February 14, 2019 order. The court accepted new briefs from the parties and, on May 29, 2019, it issued a second order and opinion, again denying Appellant's petition for expungement for essentially the same reasons as provided in its February 14, 2019 order and opinion.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court subsequently filed a Rule 1925(a) opinion, indicating that it was relying on the rationale set forth in its opinions issued on February 14, 2019, and May 28, 2019. Herein, Appellant states

three issues for our review, which we reproduce *verbatim*, although we have reordered them for ease of disposition:

> 1. Did the trial Court err and/or abuse its discretion by disregarding the superior equity power to disregard a statute of limitations where issues of laches, a *nunc pro tunc* violation and no notice to P.M. of any time limits that P.M. had to challenge the illegal involuntary commitment, and where P.M. used due diligence once P.M. discovered the consequences of the involuntary commitment clearly resulted in a violation of P.M.'s due process rights under the United States Constitution and that of the Commonwealth of Pennsylvania?
>
> 2. Did the trial Court error and/or abuse its discretion by denying the petition of P.M. to have P.M. restoration of civil disabilities pursuant to 18 Pa.C.S. § 6111.1 after a hearing was held where there was insufficient evidence to prove that P.M. should have been involuntarily committed leading to the prohibition of P.M.'s constitutional right to the possession of firearms under the United States and Pennsylvania Constitution?
>
> 3. Did the trial Court err and/or abuse its discretion by denying the petition of P.M. to have P.M.'s illegal involuntary commitment under 50 P.S. § 7302 void *ab initio* and the denial of P.M.'s constitutional rights to the possession of firearms under the United States and Pennsylvania Constitutions from an illegal commitment where such denial is for a lifetime?

Appellant's Brief at 12-13.

Preliminarily, we note that "[w]e review the trial court's denial of a motion for expunction for an abuse of its discretion[.]" **A.M.M.**, 194 A.3d at 1117 (citing **Commonwealth v. Smerconish**, 112 A.3d 1260, 1263 (Pa. Super. 2015) (citations omitted)).

Here, in concluding that a six-year statute of limitations barred Appellant's petition to expunge, the trial court reasoned:

It is provided by statute, 42 Pa.C.S.[] § 5527(b), that "[a]ny civil action or proceeding which is neither subject to … another limitation specified in this subchapter nor excluded from the application of a period of limitation by [Section] 5531 (relating to no limitation) must be commenced within six (6) years." The court considers the applicable statute of limitations therefore to be six (6) years in cases of this kind. *Cf.*, … *Vencil*, … 152 A.3d [at 240 n.4]…. Consequently, this action should have commenced no later than 2011. [Appellant] contended that he did not learn of his disqualification until 2017[,] when he went to buy the gun. He thus invokes the discovery rule. However, no case [applying] the discovery rule in this context has been brought to this court's attention. For this reason, the action is considered time barred.

Trial Court Opinion, 2/14/19, at 7.

We discern no abuse of discretion in the court's decision. We recognize that neither our Supreme Court, nor this Court, has expressly held that a statute of limitations applies to petitions filed under Section 6111.1(g)(2). However, in *Vencil*, our Supreme Court characterized a Section 6111.1(g)(2) action as a civil matter. *Vencil*, 152 A.3d at 246 (concluding that the appropriate standard of proof in assessing the sufficiency of the evidence under Section 6111.1(g)(2) "is a preponderance of the evidence standard, which is generally applicable to civil matters"). Consequently, under Section 5527(b), a six-year statute of limitations applies. Our Supreme Court suggested as much in *Vencil*, observing in *dicta* that, "[a]though almost a decade had passed between Vencil's 302 commitment and her request for expungement, the PSP affirmatively waived consideration of the applicable statute of limitations on actions commenced under [S]ection 6111.1(g)(2)." *Id.* at 240 n.4.

Appellant correctly notes that after ***Vencil***, this Court in ***A.M.M.*** chose not to affirm the dismissal of A.M.M.'s petition to expunge — filed 17 years after her involuntary commitment — based on the statute of limitations. ***A.M.M.***, 194 A.3d at 1118. Instead, the ***A.M.M.*** panel noted that, "the MHPA provides no statute of limitations for bringing a challenge to the sufficiency of the evidence supporting the commitment[,]" and then affirmed the dismissal of A.M.M.'s petition based on laches. ***Id.*** at 1118-19. According to Appellant, "the absence of [any] consideration" of the statute of limitations in ***A.M.M.*** "could have meant that the [C]ourt knew that the MHPA, 50 Pa.[C].S.[] § 7302[,] has no statute of limitations." Appellant's Brief at 57.

However, regardless of what the ***A.M.M.*** panel 'could have meant,' it is clear that this Court did not issue a precedential holding on the statute-of-limitations issue. Rather, the panel side-stepped the question and decided the case on laches. Recently, another panel of this Court persuasively concluded, in an unpublished decision, that the six-year statute of limitations applies to petitions filed under Section 6111.1(g)(2). ***See In re Romano***, 2020 WL 119653 (Pa. Super. Jan. 10, 2020).

We are also unconvinced by Appellant's cursory argument that applying a statute of limitations "is a clear violation of the [d]ue [p]rocess [r]ights of individuals to have their rights protected." Appellant's Brief at 46. In support of this position, Appellant avers only that he was committed under Section 302 without his "rights [being] explained to him." ***Id.*** at 47-48. In other

words, Appellant focuses his due process argument on his Section 302 commitment. In **Vencil**, our Supreme Court stressed that,

> a Section 6111.1(g)(2) review is not a direct appeal from a 302 commitment and the interest at stake under 6111.1(g)(2) is not one's right to liberty. The infringement upon Vencil's liberty occurred when she was involuntarily committed pursuant to [S]ection 302 of the MHPA. By the time a [S]ection 6111.1(g)(2) petition is filed, the liberty deprivation has ended. A sufficiency review pursuant to [S]ection 6111.1(g)(2) of the Uniform Firearms Act is merely a mechanism to expunge the PSP's record of an individual's 302 commitment to remove this barrier to his or her possession and control of firearms.

**Vencil**, 152 A.3d at 245 (footnote omitted).

Additionally, the trial court correctly notes that Appellant "has and may yet exercise a mechanism by which he can obtain relief from his state firearms disability in the form of a due process hearing." Trial Court Opinion, 5/28/19, at 2; 18 Pa.C.S. § 6105(f)(1) ("Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4) [(relating, *inter alia*, to a "person who has been … involuntarily committed … under [S]ection 302" of the MHPA)], the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person."); **see also Vencil**, 152 A.3d at 246 n.10 (observing "that even if the record of [Vencil's] 302 commitment is not expunged, [S]ection 6105(f)(1) of the Uniform Firearms Act provides another mechanism for her to obtain reinstatement of her firearms rights, requiring only that the trial court find that she can possess a firearm without risk of harm to herself or another")

(citing 18 Pa.C.S. § 6105(f)(1)). Thus, Appellant has failed to demonstrate that his due process rights will be violated by the application of a statute of limitations.

In sum, we conclude that an expungement petition filed under 18 Pa.C.S. § 6111.1(g)(2) is a civil action that is subject to a six-year statute of limitation pursuant to 42 Pa.C.S. § 5527(b). Because Appellant filed his expungement petition nearly 13 years after his involuntary commitment, the court did not abuse its discretion by denying it. [3,4]

Order affirmed.

---

[3] We observe that Appellant does not assert, as he did below, that under the "discovery rule," the six-year statute of limitations was not triggered until he actually discovered that he was unable to purchase a firearm. In any event, we would reject this claim based on the persuasive reasoning in ***Romano***, where we explained:

> The "injury" at issue here is [the a]ppellant's involuntary commitment. One consequence of this injury was the loss of [the a]ppellant's right to possess a firearm. After having been involuntarily committed, [the a]ppellant was obligated to discover any "reasonably knowable" conditions associated with that commitment. ***Fine*** [***v. Checcio***, 870 A.2d 850, 858 (Pa. 2005) ("The discovery rule originated in cases in which the injury or its cause was neither known or reasonably knowable.") (citations omitted)]. [The a]ppellant is presumed to know the law. ***See Commonwealth v. Robertson***, 186 A.3d 440, 446 (Pa. 2018). Therefore, the firearm disability imposed by law as a result of his involuntary commitment was reasonably knowable.

***Romano***, 2020 WL 119653, at *3.

[4] Given this disposition, we need not address Appellant's remaining two issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/20