J-A15003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  PETITION OF C.R.J. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.R.J. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1387 WDA 2021 |

Appeal from the Order Entered October 20, 2021
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  CC 0200559

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: AUGUST 22, 2022**

C.R.J. ("Appellant") appeals the October 20, 2021 order denying his petition for restoration of his right to possess a firearm pursuant to 18 Pa.C.S. § 6105(f)(1).  We affirm in part, vacate in part, and remand with instructions.

Due to the nature of our holding, we will review the factual and procedural history of this case only briefly.  On May 24, 2001, and February 17, 2002, respectively, Appellant was involuntarily committed to the Western Psychiatric Institute and Clinic ("WPIC") pursuant to 50 P.S. § 7302 ("§ 302").[1]  While the underlying reasons for Appellant's commitment in

---

[1] In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court states at multiple junctures that Appellant's records indicate that he was also subjected to an involuntary commitment pursuant to 50 P.S. § 7303(a) ("Section 303), which provides for "involuntary emergency treatment" that extends beyond the 120 hours permitted under Section 302.  **See** Trial Court Opinion, 1/28/22, at 3-4, 8.  Our review of the certified record has revealed no such documentation
*(Footnote Continued Next Page)*

May 2001 are not readily evident from the certified record, the circumstances of his February 2002 commitment were summarized by the trial court, as follows:

> [T]he February 2002 commitment had been prompted by episodes of suicidal ideation and by attempted suicide, as averred by [Appellant's] stepmother. Purportedly, that conduct had been compounded by violent threats to others, including a threat made by [Appellant] to cut his stepmother's throat and to kill [her] in her sleep. Physician's notes contained in that February 2002 commitment record further stated that [Appellant] displayed poor judgment, had limited insight, and was dysthymic.

Trial Court Opinion, 1/25/22, at 3. Both commitments eventually ended with Appellant's release. As a consequence of these involuntary commitments, Appellant is not permitted to "use, control, sell, transfer, or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." *See* 18 Pa.C.S. § 6105(a)(1), (c)(4).

More than twenty years after his first involuntary commitment, Appellant filed a petition challenging the sufficiency of the evidence of his involuntary commitment pursuant to 18 Pa.C.S. § 6111.1(g)(2) ("A person who is involuntarily committed pursuant to [§] 302 . . . may petition the court to review the sufficiency of the evidence upon which the commitment was based."). *See* Petition for Expungement and Restoration, 4/23/21, at ¶¶ 18-

_____

to support this conclusion. Due to the nature of our holding, we express no further opinion on this issue at this juncture. However, we note that the factual findings of the trial court must be supported by the certified record.

21. Appellant also sought relief pursuant to 18 Pa.C.S. § 6105(f)(1), which prohibits certain individuals from possessing firearms. ("Upon application to the court of common pleas . . . by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person."). *Id*. at ¶¶ 22-29. Thus, Appellant sought expungement of the records of his involuntary commitments and restoration of his firearms rights. Specifically, these requests related to Appellant's desire to open an armed security business here in Pennsylvania.

The trial court held a hearing on October 20, 2021. The Commonwealth was represented by the Philadelphia State Police ("PSP"), who presented an immediate oral motion to dismiss the § 6111.1(g)(2) portion of Appellant's petition due to the expiration of the statute of limitations. *See* N.T. Hearing, 10/20/21, at 4-5. On this particular point, Appellant demurred and requested leave to file a brief on the issue after the hearing. *Id*. at 5. However, no response or argument was ever submitted on this discrete issue by Appellant. Appellant presented testimony from a mental health therapist, Andre Scott, who testified that Appellant was: (1) not a danger to himself or others; and (2) capable of safely possessing a firearm. *Id*. at 14-15. Petitioner also testified at the hearing concerning his background and his desire to have his firearms rights reinstated. *Id*. at 26-35.

- 3 -

In an order dated October 20, 2021, the trial court denied Appellant's petition. On November 1, 2021, Appellant filed a motion for reconsideration, which the trial court denied. *See* Order, 11/8/21, at 1 (unpaginated). Thereafter, Appellant filed a timely notice of appeal on November 19, 2021. Both the trial court and Appellant have complied with Pa.R.A.P. 1925(b).

Appellant has raised two issues for our consideration:

I. Whether the trial court erred in denying the petition of [Appellant] to expunge his involuntary commitment due to insufficiency pursuant to 18 Pa.C.S. § 6111.1(g)(2)?

II. Whether the trial court erred in denying the petition of [Appellant] to restore his right to possess a firearm pursuant to 18 Pa.C.S. § 6105(f)(1)?

Appellant's brief at 7. We have reordered these issues for ease of disposition.

From the outset of our analysis, we emphasize that Appellant's petition requested two separate types of relief: (1) expungement of the records of his involuntary commitment due to insufficient evidence pursuant to § 6111.1(g)(2); and (2) reinstatement of his rights under § 6105(f)(1). While these statutes are related insomuch as both provisions concern the potential restoration of a person's right to bear firearms under Pennsylvania law, the respective relief and legal standards under each provision are distinct.

Appellant's first claim concerns the trial court's denial of his request for expunction pursuant to § 6111.1(g)(2). This Court reviews "the trial court's denial of a motion for expunction for an abuse of discretion." *A.M.M. v.*

- 4 -

***Pennsylvania State Police***, 194 A.3d 1114, 1117 (Pa.Super. 2018). In pertinent part, § 6111.1(g)(2) provides as follows:

**(g) Review by court.—**

. . . .

(2) A person who is involuntarily committed pursuant to [§ 302] may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the [PSP] be expunged.

18 Pa.C.S. § 6111.1(g)(2). This Court has concluded that "an expungement petition under 18 Pa.C.S. § 6111.1(g)(2) is a civil action that is subject to a six-year statute of limitation pursuant to 42 Pa.C.S. § 5527(b)." ***In re P.M.***, 230 A.3d 454, 458 (Pa.Super. 2020); ***see also*** 42 Pa.C.S. § 5527(b) ("Any civil action or proceeding which is neither subject to another limitation specified in this subchapter or excluded from the application of a period of limitation by section 5531 . . . must be commenced within six years.").

As noted earlier, PSP sought dismissal of this matter based upon the statute of limitations at the hearing in the trial court and Appellant did not substantively respond. ***See*** N.T. Hearing, 10/20/21, at 4-5. PSP has raised the same argument in its brief to this Court. ***See*** PSP brief at 9-10.

Accordingly, we do not raise this matter on our own authority.[2] Although the trial court did not rule on this particular issue in denying Appellant's petition, this Court "may affirm the judgment of the lower court where it is correct on any legal ground or theory disclosed by the record, regardless of the reason or theory adopted by the trial court." *Roy by and through Roy v. Rue*, 273 A.3d 1174, 1190 n.13 (Pa.Super. 2022).

Instantly, there is no dispute that Appellant's request for relief under § 6111.1(g)(2) was filed approximately nineteen years after his involuntary commitment took place. Since Appellant filed his petition for expungement nearly two decades after his involuntary commitment and well beyond the six-year statute of limitations, the trial court did not abuse its discretion in denying it. *Accord P.M.*, *supra* at 458. Accordingly, no relief is due with respect to Appellant's claim pursuant to § 6111.1(g)(2). Thus, we will affirm that aspect of the trial court's holding.

We now turn to Appellant's distinct claims arising under § 6105. In relevant part, this statute provides as follows:

> **(a) Offense defined.**--
>
> (1) A person . . . whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer, or manufacture or obtain a license to possess, use, control, sell, transfer, or manufacture a firearm in this Commonwealth.

---

[2] It is well-established under Pennsylvania law that a court may not raise an issue concerning the statute of limitations *sua sponte*. *See Harris v. Couttien*, 261 A.3d 527, 530 n.4 (Pa.Super. 2021).

. . . .

**(c) Other persons.**— . . . [T]he following persons shall be subject to the prohibition of subsection (a):

. . . .

(4) A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143),2 known as the Mental Health Procedures Act. . . .

. . . .

**(f) Other exemptions and proceedings.**—

(1) Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person.

18 Pa.C.S. § 6105(a)(1), (c)(4), (f)(1).

This statute "plainly leaves the decision of whether to restore the right to possess a firearm within the discretion of the trial court." *In re E.H.*, 233 A.3d 820, 823 (Pa.Super. 2020). Accordingly, we review such determinations for an abuse of discretion. *See E.G.G. v. Pennsylvania State Police*, 219 A.3d 679, 683 (Pa.Super. 2019). In this context, an abuse of discretion is "not merely an error in judgment," but "occurs **when the law is overridden or misapplied**, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record." *E.H.*, *supra* at 823 (citing *E.G.G.*, *supra* at 683) (emphasis added).

As noted above, the relief available under § 6105(f)(1) is distinct from § 6111.1(g)(2). ***See Commonwealth v. Smerconish***, 112 A.3d 1260, 1265 (Pa.Super. 2015) ("Subsection 6105(f)(1) is intended solely for the restoration of the right to possess firearms, not for the expunction of a record of involuntary commitment under the [MHPA]."). Accordingly, a petitioner's ineligibility for expunction under § 6111.1(g)(2) does **not** preclude relief under § 6105(f)(1). ***See In re Vencil***, 152 A.3d 235, 246 n.10 (Pa. 2017) ("[E]ven if the record of [a petitioner's] commitment is not expunged [pursuant to § 6111.1(g)(2)], [§] 6105(f)(1) of the Uniform Firearms Act provides another mechanism for [the petitioner] to obtain her firearms rights[.]").

Instantly, the trial court conflated its discussion of these two statutory provisions by framing Appellant's petition as solely implicating § 6111.1(g)(2). ***See*** Trial Court Opinion, 1/28/22, at 4 ("Petitioner failed to provide evidence sufficient to contradict or countervail the facts and findings set forth in the mental health commitment records."). Overall, the trial court erroneously treated Appellant's petition as seeking only the remedy of expunction:

> A declaration of current competency and an assertion of an inability to recall conduct reported in a mental health commitment record are inadequate to warrant an expungement. Similarly, a mental health assessment which confirms only the current competency of an individual does not, in itself, warrant expungement of the record of an involuntary commitment imposed some years ago.
>
> . . . .
>
> Petitioner's evidence, being confined to an assessment of his conduct and circumstances in 2019 – nearly two decades beyond

- 8 -

the involuntary commitments in question – failed to address in any meaningful manner the sufficiency of the findings made by an examining physician at the time of the [Section] 302 commitment. For that reasons, Petitioner's proof was determined to be inadequate to support the petition for expungement.

. . . .

Because the evidence presented in this matter was inadequate to support a finding that the involuntary commitments of nearly two decades ago were unfounded, an expungement of the involuntar[y] commitment for psychiatric treatment under [§] 302 was not granted.

Trial Court Opinion, 1/28/22, at 5-7.

Critically, the trial court's error here does not merely mischaracterize the nature of Appellant's request for relief, it completely misconstrues the relevant legal standard. Specifically, the threshold for granting relief pursuant to § 6105(f)(1) is **not** whether a petitioner can prove that his underlying involuntary commitment was not supported by sufficient evidence. That is the sole province of § 6111.1(g)(2). Rather, petitioners proceeding under § 6105(f)(1) are required to establish that they "may possess a firearm without risk to [themselves] or any other person." 18 Pa.C.S. § 6105(f)(1). As Appellant has aptly observed in his brief, the trial court did not issue any findings on that subject pursuant to § 6105(f)(1). **See** Appellant's brief at 12 ("The trial court's opinion does not indicate that [Appellant] was a risk of harm to himself or others and was silent on the issue.").

As noted above, the misapplication of law constitutes reversible error in this context. **See E.H.**, **supra** at 823. Accordingly, we conclude that the trial

court has abused its discretion by failing to properly distinguish between Appellant's two distinct prayers for relief. Thus, we vacate that portion of the trial court's order denying Appellant's request for relief under § 6105(f)(1). On remand, the trial court shall reconsider this aspect of Appellant's petition while applying the correct legal standard: whether Appellant may possess a firearm without risk to himself "or any other person." 18 Pa.C.S. § 6105(f)(1).

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2022