J-A19022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PAMELA J. GROFF | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELSWORTH L. GROFF JR. | : | |
| | : | |
| Appellant | : | No. 1756 MDA 2023 |

Appeal from the Order Entered June 14, 2022
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  286 of 1983

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED: DECEMBER 6, 2024**

Elsworth L. Groff, Jr ("Groff") appeals *pro se* from the order denying his petition to expunge his Protection from Abuse Act ("PFAA")[1] record.  We affirm.

A detailed recitation of the underlying factual history is not necessary for this appeal.  Briefly, on March 28, 1983, Groff's late wife, Pamela J. Groff ("Pamela"), filed a divorce complaint against him at docket CI-286-1983 ("No. 286 of 1983").  Three days later, on March 31, 1983, at that same docket, Pamela filed a temporary emergency protection from abuse ("PFA") petition against Groff.[2]  On that same date, based on the allegations of abuse in the

_____

[*] Former Justice specially assigned to the Superior Court.
[1] **See** 23 Pa.C.S.A. §§ 6101-6122.
[2] In the PFA petition, Pamela alleged the following:
*(Footnote Continued Next Page)*

PFA petition, the trial court granted Pamela a temporary PFA order and scheduled a final PFA hearing for April 8, 1983. *See* 23 Pa.C.S.A. § 6107(a).[3] The trial court docket shows that a constable served Groff with the divorce complaint, PFA petition, and the temporary PFA order on March 31, 1983. Pamela did not appear at the scheduled hearing for reasons not indicated in the record, and the final PFA hearing did not take place on April 8, 1983.

However, on April 16, 1983, eight days after the final PFA hearing was scheduled to take place, Groff shot and killed Pamela. In September 1983, a jury convicted Groff of first-degree murder for this crime. *See*

_____

6. On or about March 21, 1983, [Pamela] left the marital residence . . . as a consequence of a physical beating which she received from [Groff.]

7. During the past several years, [Groff] has subjected [Pamela] to numerous incidents of physical abuse and threats . . ..

8. Repeatedly in the past, [Groff] has directed profane language toward [Pamela] in the presence of the children, calling [Pamela] such things as a "selfish bitch."

9. As a result of the foregoing conduct of [Groff], [Pamela] lives in constant fear for her personal safety. [Pamela] and [the] children are fearful of returning to the marital home because of the possibility of further physical harm.

Petition for Temporary Relief Under PFAA, 3/31/83, at 2-5.

[3] Section 6107(a) states: "Within ten business days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence." 23 Pa.C.S.A. § 6107(a).

*Commonwealth v. Groff*, 514 A.2d 1382 (Pa. Super. 1986), *appeal denied*, 531 A.2d 428 (Pa. 1987). The trial court sentenced Groff to life in prison, which he is currently serving. **See id**. at 1384.[4]

In January 2022, thirty-nine years after the final PFA hearing was scheduled to take place, Groff filed a *pro se* request with the trial court to issue a rule to show cause why the April 8, 1983 hearing was never held. In February 2022, the trial court denied Groff's request, finding that the divorce and PFA cases under docket No. 286 of 1983 abated upon Pamela's death, and citing as a basis for the denial of relief the equitable doctrine of laches. **See** Trial Court Order, 2/14/22. The trial court also terminated both cases. **See id**. Groff did not appeal that order.

In May 2022, Groff filed the underlying *pro se* petition to expunge the record of the temporary emergency PFA petition that Pamela filed against him in 1983. The trial court denied Groff's petition to expunge, citing the equitable doctrine of laches. **See** Trial Court Order, 6/14/22. Groff then filed a timely *pro se* notice of appeal,[5] and both he and the trial court complied with Pa.R.A.P. 1925.

Groff raises the following issue for our review:

---

[4] Notably, the Commonwealth presented evidence of the filing of the PFA petition during the murder trial to establish that Groff intentionally shot Pamela.

[5] Although Groff timely filed a notice of appeal on July 11, 2022, the trial court did not forward the notice of appeal to this Court for more than one year.

Whether the trial court erred as a matter of law, and also abused its discretion in denying [Groff's] petition for expungement of the PFA docket where the temporary PFA hearing at issue was never held by the trial court, the PFA proceedings never evolved beyond the temporary order stage, and . . . there had never been a finding of admission of physical or any other type of abuse on the part of [Groff]?

Groff's Brief at 4 (unnecessary capitalization omitted).

Groff argues the trial court abused its discretion in denying his petition to expunge the PFA record. We review the trial court's denial of a motion for expunction for an abuse of its discretion. **See Commonwealth v. Smerconish**, 112 A.3d 1260, 1263 (Pa. Super. 2015) (citations omitted).

Pennsylvania courts have extended the right to petition for expungement to the PFAA in limited circumstances where a petitioner seeks to protect his or her reputation. **See P.E.S. v. K.L.**, 720 A.2d 487, 490 (Pa. Super. 1998). However, this Court has applied the doctrine of laches to an expungement proceeding for civil court records, explaining that "where the passage of time makes it impossible to ascertain the details of the underlying facts and procedures, the doctrine of laches may bar the requested relief." **A.M.M. v. Pennsylvania State Police**, 194 A.3d 1114, 1118 (Pa. Super. 2018). Laches is an equitable remedy that "bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another." **Sprague v. Casey**, 550 A.2d 184, 187 (Pa. 1988) (citation omitted); **see also In re Estate of Warden**, 2 A.3d 565, 579 (Pa. Super. 2010) (holding "[l]aches, similar to a statute of limitations, may

- 4 -

bar a party from seeking equitable relief after the lapse of a certain period, usually six years"). The doctrine of laches applies "by reason of the original transactions having become so obscured by time as to render the ascertainment of the exact facts impossible." ***Fulton v. Fulton***, 106 A.3d 127, 134 (Pa. Super. 2014).

In order to prevail on an assertion of laches, the trial court must find: a) a delay arising from petitioner's failure to exercise due diligence; and b) prejudice resulting from the delay. ***See Sprague***, 550 A.2d at 188 (citations omitted). The sort of prejudice required to establish laches is some changed condition of the parties which occurs during the period of, and in reliance on, the delay. ***See id***. The question of laches is factual and is determined by examining the circumstances of each case. ***See id***. Thus:

> The correct inquiry in determining whether [one's] conduct resulted in a want of due diligence is to focus not upon what the plaintiff knows, but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him[.] What the law requires of petitioner is to discover those facts which were discoverable through the exercise of reasonable diligence.

***Id***. at 188 (citations and quotation marks omitted).

Groff maintains that the lack of a final PFA hearing on April 8, 1983, violated his due process and equal protection clause rights under both the Pennsylvania and United States Constitutions. ***See*** Groff's Brief at 10. Groff also submits that because the PFA proceedings never evolved beyond the

temporary PFA order stage, the PFA record severely damages his reputation and creates an inappropriate inference of guilt. **See id**. at 15.

The trial court applied the equitable doctrine of laches with respect to Groff's request to expunge his PFA record and denied it. **See** Trial Court Order, 6/14/22.

Based on our review, we discern no abuse of discretion by the trial court in denying the petition for expungement.[6] While the PFAA provides no statute of limitations for seeking an expungement of PFA records, section 5527(b) of the Judicial Code provides that "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." 42 Pa.C.S.A. § 5527(b). Groff filed his petition for expungement long after this six-year period of limitation expired.

Moreover, given that the final PFA hearing was scheduled to occur in 1983, the passage of time has made it impossible to ascertain the details of the underlying facts and procedures. **See A.M.M.**, 194 A.3d at 1118. As

---

[6] Although the trial court determined that *res judicata* also applied in this matter, this Court may affirm the trial court's ruling on any valid basis appearing of record. **See Commonwealth v. Fant**, 146 A.3d 1254, 1265 n.13 (Pa. 2016) (explaining that "[a]ccording to the 'right-for-any-reason' doctrine, appellate courts are not limited by the specific grounds raised by the parties or invoked by the court under review, but may affirm for any valid reason appearing as of record").

stated above, the record does not indicate why Pamela did not appear at the scheduled final PFA hearing on April 8, 1983, nor why the hearing did not occur. Given that Groff murdered Pamela, ascertainment of the exact facts as to why she did not appear is impossible. *See Fulton*, 106 A.3d at 134. Groff does not claim that he was unaware that the final PFA hearing did not take place on that date. Yet, Groff waited nearly forty years to file his petition for expungement. Thus, he failed to act with due diligence to promptly institute the action for expungement. *See Sprague*, 550 A.2d at 187. Consequently, we find that prejudice exists because Groff killed Pamela, and the passage of forty years has naturally caused the loss of evidence, such as records and witnesses. *See A.M.M.*, 194 A.3d at 1118.

Accordingly, we affirm the trial court's order denying Groff's petition for expungement.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/06/2024

- 7 -