2022 PA Super 214

| | | |
|---|---|---|
| IN RE: V.A.H. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PENNSYLVANIA STATE POLICE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1501 MDA 2021 |

Appeal from the Order Entered October 26, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2021-SU-001284

| | | |
|---|---|---|
| IN RE: V.A.H. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: YORK/ADAMS MH-IDD PROGRAM | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1528 MDA 2021 |

Appeal from the Order Entered October 26, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2021-SU-001284

| | | |
|---|---|---|
| IN RE: V.A.H. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: V.A.H. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1548 MDA 2021 |

Appeal from the Order Entered October 26, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2021-SU-001284

BEFORE: BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED DECEMBER 13, 2022**

Appellants/Cross-Appellees, the Pennsylvania State Police ("PSP") and the York/Adams Mental Health – Intellectual and Developmental Disabilities Program ("MH-IDD"), and Appellee/Cross-Appellant, V.A.H., each appeal from the trial court's October 26, 2021 order granting V.A.H.'s petition for expungement, in part, and denying it, in part. Specifically, the October 26, 2021 order in question: (1) granted V.A.H.'s request to have her firearms rights restored under 18 Pa.C.S.A. § 6105(f) and directed the PSP to remove from its system all barriers to V.A.H. obtaining a firearm based upon her August 23, 2011 involuntary commitment; (2) denied V.A.H.'s request to have the records of her involuntary commitment expunged under 18 Pa.C.S.A. § 6111.1(g); and (3) ordered that V.A.H.'s involuntary commitment records being expunged pursuant to Article I, Section I of the Pennsylvania Constitution. The order further directed that all of V.A.H.'s records held in possession of any governmental entity, including the PSP and the MH-IDD, be destroyed within 10 days. Following our careful review, we reverse the order, in part, and remand for proceedings consistent with this Opinion.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: On August 23, 2011, V.A.H. was

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

involuntarily committed to the York/Adams MH-IDD program at York Hospital for 120 hours, pursuant to Section 302 of the Mental Health Procedures Act ("MHPA").[1] At the time, V.A.H. was fifteen years old and was examined by Dr. Daniel J. Johnson, M.D, prior to her involuntary commitment.

As a result of her 302 commitment, V.A.H. is prohibited from possessing or purchasing a firearm. **See** 18 Pa.C.S.A. § 6105(c)(4) (providing that a person who has been involuntarily committed to a mental institution for inpatient care and treatment under Section 302 of MHPA may not possess a firearm). On June 21, 2021, V.A.H. filed a petition to expunge, seeking to have her firearms rights restored and to have the records of her involuntary commitment expunged and destroyed. **See** "Petition to Expunge and For Other Relief," 6/21/21 at 1-7. A hearing on V.A.H.'s petition was initially scheduled for July 27, 2021, and following several continuances, was ultimately held on September 9, 2021. The primary issue addressed at this hearing was whether V.A.H.'s request for expungement under Section 6111.1(g) could be heard, as the statute of limitations had expired. **See** notes of testimony, 9/9/21 at 4.

On October 26, 2021, the trial court entered an order (1) granting V.A.H.'s request to have her firearms rights restored under Section 6105(f) and directing the PSP to remove from its system all barriers to her obtaining

---

[1] 50 P.S. § 7302.

a firearm; (2) denying her request to have the records of her involuntary commitment expunged under Section 6111.1(g); and (3) ordering that V.A.H.'s involuntary commitment records be expunged based upon her right of "protecting ... [her] reputation…" under Article I, Section I of the Pennsylvania Constitution. The order further directed that all records held in possession of any governmental entity be destroyed within 10 days. *See* trial court order, 10/26/21 at §§ 1-3.

On November 18, 2021, both the PSP and the MH-IDD filed timely notices of appeal. Thereafter, on December 2, 2021, V.A.H. filed her cross-appeal.[2]

All of the parties' issues on appeal challenge sections 2 and 3 of the aforementioned expungement order. Specifically, the PSP raises the following issues for our review:

> 1. Did the trial court commit an error of law when ordering the expungement of a record of involuntary commitment pursuant to Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania where the statutory procedures to have [V.A.H.'s] involuntary commitment record expunged failed, the Constitution does not create a cause of action to expunge involuntary commitments pursuant to the Mental Health Procedures Act[?]
>
> 2. Did the trial court commit an error of law when ordering the expungement of a record of involuntary commitment pursuant to Article I,

---

[2] The record reflects that the trial court and all the parties have complied with Pa.R.A.P. 1925.

- 4 -

Section 1 of the Constitution of the Commonwealth of Pennsylvania where [V.A.H.'s] waived any claims pursuant to Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania by failing to plead this cause of action in her Petition to Expunge and for Other Relief?

3. Did the [t]rial [c]ourt lack subject matter jurisdiction to order expungement where [V.A.H.] failed to serve an indispensable party to the action?

PSP's brief at 5.

MH-IDD raises the following issues for our review:

I. When there was no legal basis to invalidate the underlying [MHPA] Section 302 commitment, did the [trial] court abuse its discretion by granting the Petition for Expungement of records?

A. When Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania ("Article I, Section 1") has not created a cause of action by which a petitioner may seek to invalidate a commitment pursuant to Section 302 of the MHPA, and V.A.H's right to seek invalidation pursuant to 18 Pa.C.S.[A.] § 6111.1(g) was time-barred, did the [trial] court abuse its discretion by granting the Petition for Expungement of Records?

B. Even if the Court finds that a cause of action exists pursuant to Article I, Section 1 to invalidate an involuntary commitment authorized pursuant to Section 302 of the MHPA, when this claim was not pled by V.A.H. in her Petition as the cause of action by which she sought to invalidate the Section 302

commitment, did [V.A.H.] waive this claim?

C. Even if the Court finds that a cause of action exists pursuant to Article I, Section 1 to invalidate an involuntary commitment pursuant to Section 302 of the MHPA, when there was sufficient evidence that the Section 302 commitment was valid, did the [trial] court abuse its discretion by granting the Petition?

D. Even if the Court finds that a cause of action exists pursuant to Article I, Section 1 to invalidate an involuntary commitment pursuant to Section 302 of the MHPA, when Petitioner failed to show any due process or procedural violations, did the [trial] court abuse its discretion by granting the Petition?

MH-IDD's brief at 4-5.

On cross-appeal, V.A.H. raises the following issues for our review:

I. Whether the trial court erred in denying V.A.H.'s request for expungement relief by application of the Statute of Limitations under 42 Pa.C.S.[A.] § 5527(b) as matters arising from such a request are not civil actions or proceedings and such application created an unconstitutional irrebuttable presumption of dangerousness[?]

II. Whether there were insufficient findings of fact and the examining physician lacked sufficient evidence to commit V.A.H. to a mental health facility against her will under Section 302 of the Mental Health Procedures Act[?]

III. Whether the Warrant ordering V.A.H. be transported to York Hospital and examined against her will was invalid and suffered from procedural defects in violation of the Mental

> Health Procedures Act and her due process rights[?]
>
> IV. Whether an individual unlawfully committed to a mental health facility has a cause of action to seek expungement relief under the Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania?
>
> V. Whether the request for expungement relief under Article I, Section 1 of the Constitution of the Commonwealth of Pennsylvania was properly and sufficiently raised by V.A.H. in her Petition for Expungement Relief and throughout the proceedings and whether the claims of legal deficiencies in the Petition were waived?
>
> VI. Whether the trial court had Subject Matter Jurisdiction to hear V.A.H.'s request for relief as all necessary parties were served and had notice of the action?

V.A.H.'s brief at 3-4.

Our standard of review of a trial court's decision to grant or deny an expungement petition is well settled. "The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion." ***Commonwealth v. Romeo***, 153 A.3d 1084, 1087 (Pa.Super. 2017) (citations omitted). To the extent the issues raised on appeal present pure questions of law, "our standard of review is ***de novo*** and our scope of review is plenary." ***In re B.W.***, 250 A.3d 1163, 1170 (Pa. 2021) (citation omitted).

Here, V.A.H. relied on Section 6111.1(g)(2) to challenge the sufficiency of the evidence supporting her Section 302 commitment. Section 6111.1(g)(2) provides, in relevant part, as follows:

> A person who is involuntarily committed pursuant to section 302 of the [MHPA] may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the [PSP] be expunged.

18 Pa.C.S.A. § 6111.1(g)(2) (footnote omitted).

This Court has concluded that "an expungement petition under [Section] 6111.1(g)(2) is a civil action **that is subject to a six-year statute of limitation** pursuant to 42 Pa.C.S.A. § 5527(b)." *In re P.M.*, 230 A.3d 454, 458 (Pa.Super. 2020) (emphasis added); *see also* 42 Pa.C.S.A. § 5527(b) ("Any civil action or proceeding which is neither subject to another limitation specified in this subchapter or excluded from the application of a period of limitation by section 5531 ... must be commenced within six years.").

Instantly, the trial court found that although it did not agree with this Court's holding in *In re: P.M.*, which denied expungement due to the expiration of the statute of limitations, it was bound to follow precedent. Accordingly, the trial court denied V.A.H.'s request to have the records of her involuntary commitment expunged pursuant to Section 6111.1(g)(2). *See* trial court Rule 1925(a) opinion, 1/6/22 at 2-3 (citing trial court opinion, 10/26/21 at 2-4).

- 8 -

There is no dispute that V.A.H. was fifteen years old at the time of her involuntary commitment, and the statute of limitations was tolled until she reached the age of majority, on July 30, 2014. **See** 42 Pa.C.S.A. § 5533. Accordingly, V.A.H. had until July 30, 2020 to file a timely petition for relief under Section 6111.1(g)(2), pursuant to this Court's holding in **In re: P.M.** Since V.A.H. filed her petition for expungement on June 21, 2021, nearly one year after the expiration of the six-year statute of limitations, the trial court did not abuse its discretion in denying it. Accordingly, we will affirm that aspect of the trial court's order.

We now turn to the trial court's decision to expunge V.A.H.'s 302 commitment records "based upon her constitutional right to protect her reputation" set forth in Article I, Section I of the Pennsylvania Constitution. Trial court opinion, 10/26/21 at 4; **see also** trial court order, 10/26/21 at § 3.

Following our careful review, we find that the trial court committed an error of law when ordered that V.A.H. was entitled to the expungement of her involuntary commitment records pursuant to Article I, Section 1, despite that remedy being unavailable under Section 6111.1(g)(2). If the trial court's decision were allowed to stand, **In RE: P.M., supra**, a decision the trial court was reluctant to follow, would be nullified.

As discussed, Section 6111.1(g)(2) is the statutory mechanism to obtain Section 302 expungement relief. Contrary to the trial court's holding, Article I, Section 1 does not create an independent cause of action by which an

individual can seek to expunge involuntary commitments authorized under Section 302 of the MHPA.

Specifically, Article I, Section 1 provides as follows:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa.Const. Art. I, § 1.

Although due process is afforded to individuals seeking to invalidate an involuntary commitment under Section 6111.1(g), V.A.H's right to seek expungement of her involuntary commitment records pursuant to this section was clearly time-barred on account of her unequivocal failure to satisfy the six-year statute of limitations.

Moreover, we find that V.A.H. waived any claims with respect to Article I, Section 1 by failing to plead with specificity how this purported cause of action entitled her to relief. Notably, V.A.H.'s petition is devoid of any specific claim for relief under Article 1, Section 1 of the Pennsylvania Constitution. The record further reveals that V.A.H. failed to assert sufficient material facts in her expungement petition to support her legal conclusions, in violation of

Pennsylvania Rule of Civil Procedure 1019(a).[3] **See** "Petition to Expunge and For Other Relief," 6/21/21 at 1-7.

Accordingly, we reverse the trial court's October 26, 2021 order to the extent in ordered that V.A.H.'s involuntary commitment records being expunged pursuant to Article I, Section I of the Pennsylvania Constitution, and affirm said order in all other respects.

Order affirmed, in part, and reversed, in part. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2022

---

[3] Rule 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form [in the pleading]." Pa.R.C.P. 1019(a).