J-S03001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: M.P.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 762 MDA 2023 |

Appeal from the Order Entered April 25, 2023
In the Court of Common Pleas of Columbia County Civil Division at
No(s):  2022-MV-0000057-RE

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 5, 2024**

Appellant, M.P.B., appeals from the April 25, 2023 order denying his petition to expunge the record of his involuntary mental health commitment pursuant to 50 P.S. § 7302 and to restore his right to possess a firearm pursuant to 18 Pa.C.S.A. § 6105(f)(1).  We affirm.

The trial court summarized the relevant facts of this case as follows:

> [On February 8, 2020,] . . .  an incident occurred between [Appellant] and his wife during which she called the [Pennsylvania State Police ("PSP")].  When the PSP arrived, [Appellant] admitted that he possessed a loaded handgun and brandished it, seeking "suicide by cop."  The situation de-escalated and [Appellant] was taken to Geisinger-Bloomsburg Hospital (GBH) after [Appellant's] wife applied for an involuntary commitment.  It was stipulated that [Appellant] arrived at GBH at 2:00 a.m.

Trial Court Opinion, 4/25/23, at 1.

Appellant's "process of examination began at 2:24 a.m. with an evaluation of [his] pain level." *Id.* at 2. Appellant was evaluated again at 3:37 a.m. by Dr. Amy Marlinda Taylor who noted that Appellant's blood alcohol content ("BAC") was measured at 0.225% and opined that a "psych[iatric] assessment" could not be completed until approximately 10:00 a.m. because Appellant "was too intoxicated to [be] properly examine[d] or assess[ed]." *Id.* At 12:30 p.m., Dr. Michael Starr evaluated Appellant and determined that he needed inpatient psychiatric admission treatment. *Id.* Accordingly, Appellant was involuntarily committed to GBH and subsequently released after 72 hours.

On December 27, 2022, Appellant filed a petition seeking expungement of his record of involuntary commitment and restoration of his firearms rights. In his petition, Appellant claimed that the physicians at GBH failed to "examine [him] and certify his commitment within two hours after his arrival at GBH" and, as such, violated his "due process rights under [50 Pa.C.S.A. § 7302(b)]."[1] Appellant's Petition, 12/27/22, at 3. Based upon the foregoing,

---

[1] Section 302(b) provides:

> **(b) Examination and Determination of Need for Emergency Treatment.** --A person taken to a facility shall be examined by a physician within two hours of arrival in order to determine if the person is severely mentally disabled within the meaning of section 301(b) and in need of immediate treatment. If it is determined that the person is severely mentally disabled and in need of emergency treatment, treatment shall be begun immediately. If the physician does not so find, or if at any time

*(Footnote Continued Next Page)*

Appellant asked the trial court to vacate his involuntary commitment and expunge the records of his confinement under 18 Pa.C.S.A. § 6111.1(g)(2).[2] Appellant also asked the trial court to grant relief pursuant to 18 Pa.C.S.A. § 6105(f)(1) (permitting an applicant prohibited from possessing a firearm under subsection (c)(4) to petition the court for relief).

The trial court held a hearing on Appellant's petition on April 25, 2023, as Appellant's petition was opposed by the PSP. At the hearing, Appellant's expert, Dr. Louis B. Laguna, testified. The trial court summarized Dr. Laguna's testimony as follows:

> Dr. Laguna met with [Appellant] on June 10, 2020 and again on September 1, 2022. Dr. Laguna opined that the incident on February 10, 2020 (and a prior gun incident which occurred during another argument with [Appellant's] wife in 2015) occurred due to relationship problems with [Appellant's] wife, stressors at his business and alcohol abuse. All based on [Appellant's] self[-]reporting to Dr. Laguna on September 1, 2022, Dr. Laguna was of the opinion that all three [] of these

> it appears there is no longer a need for immediate treatment, the person shall be discharged and returned to such place as he may reasonably direct. The physician shall make a record of the examination and his findings. In no event shall a person be accepted for involuntary emergency treatment if a previous application was granted for such treatment and the new application is not based on behavior occurring after the earlier application.

50 P.S. § 7302(b) (footnote omitted).

[2] Appellant did not expressly state that he sought relief under Section 6111.1(g)(2). A review of Appellant's petition, however, reveals that he did so. **See** Appellant's Petition, 12/27/23, at 3, *citing* **In re Vencil**, 152 A.3d 235, 237 (Pa. 2017) (pursuant to Section 7302, a "physician must determine, within two hours of the individual's arrival, whether the person is in fact 'severely mentally disabled' and 'in need of immediate treatment'").

stresses were diminished or are no longer present, and that [Appellant] can possess a firearm without risk or threat to himself or others. Dr. Laguna initially testified that [Appellant] is now abstaining from alcohol, that his marriage was on a good track and that [Appellant's] business is now running smoothly.

Trial Court Opinion, 4/25/23, at 2-3.

Thereafter, Appellant testified about, *inter alia*, changes in his life that occurred after his meeting with Dr. Laguna on September 1, 2022. First, Appellant stated that, a few months prior to the April 2023 hearing, his wife moved out of the marital home and they were deciding whether to proceed with a divorce or reconcile. *Id.* at 3. In addition, Appellant testified that, on one occasion in the fall of 2022, he "relapsed into alcohol consumption . . . [and] consumed four beers . . . when 'stressors' re-appeared" in his life. *Id.* Dr. Laguna was recalled after Appellant's testimony and testified that, regardless of the issues present in Appellant's relationship with his wife and his resumption of alcohol use, he still believed that Appellant could "possess a firearm without risk or threat to himself or others." *Id.* Ultimately, the trial court denied Appellant's request for expungement of his confinement records and restoration of his firearm rights. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Did the trial court commit an error of law by concluding that the examination of Appellant [began] within two hours of Appellant's arrival, despite no evidence of inquiry into Appellant's mental health until well beyond the two-hour window?

2. [Whether the trial court abused its discretion in denying Appellant's request for relief pursuant to 18 Pa.C.S.A. § 6105(f)(1)?]

Appellant's Brief at 4.

In Appellant's first issue, he argues that the trial court erred in concluding that his initial intake assessment satisfied the two-hour examination requirement found in 50 Pa.C.S.A. § 7302(b). More specifically, Appellant alleges that the physicians at GBH failed to commence or, ultimately, to certify within two hours as required by 50 Pa.C.S.A. § 7302(b) that Appellant's commitment met the substantive admission criteria of Section 7301(a) of the Mental Health and Procedures Act (MHPA), 50 P.S. §§ 7101-7503. As such, Appellant maintains that his commitment violated his due process rights. Upon review, we conclude that Appellant is not entitled to relief.

Importantly,

> [t]he Pennsylvania Uniform Firearms Act of 1995 (UFA), 18 Pa.C.S. §§ 6101- 6128, makes it unlawful for a person who has been involuntarily committed under Section 302 to "possess, use, control, sell, transfer or manufacture" a firearm or to obtain a license to conduct any of those activities. 18 Pa.C.S. § 6105(a)(1), (c)(4). However, the UFA provides two ways for the subject of a 302 commitment to obtain relief from the Section 6105(a)(1) firearm restrictions. The one at issue in this case [involves a request for] a court-ordered expungement of the 302 commitment record under Section 6111.1(g)(2), which provides:
>
> > (g) Review by court.—
> >
> > ***
> >
> > > (2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which

- 5 -

> the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60-day period set forth under section 6105(a)(2).
>
> ***

18 Pa.C.S. § 6111.1(g)(2).

*In re B.W.*, 250 A.3d 1163, 1165–1167 (Pa. 2021) (parallel citations and footnotes omitted).

In a recent decision, our Supreme Court "clarified" the "appropriate review" a trial court must give to a Section 6111.1(g)(2) petition. *Id.* at 1167, *citing* **Vencil**, *supra*. It stated:

> The plain language of Section 6111.1(g)(2) requires a court of common pleas to review **only the sufficiency of the evidence** to support the 302 commitment, limited to the information available to the physician at the time he or she made the decision to commit the individual, viewed in the light most favorable to the physician as the original decision-maker to determine whether his or her findings are supported by a preponderance of the evidence.

*Vencil*, 152 A.3d at 237 (Pa. 2017) (emphasis added). A person "may be subjected to an involuntary examination by a physician" under Section 302 if there are "'reasonable grounds to believe' that he [] is 'severely mentally disabled and in need of immediate treatment.'" *Id.*, *citing* 50 P.S. § 7302(a). An individual is "severely mentally disabled" if "as a result of mental illness, his capacity to exercise self-control, judgment and discretion in the conduct of his affairs and social relations or to care for his personal needs is so lessened that he poses a clear and present danger to others or himself." 50 P.S.

§ 7301(a); ***see also*** 50 P.S. § 7301(b)(1)-(2)(i)-(iii) (defining what constitutes a "clear and present danger").

Moreover, the Court further explained that

a Section 6111.1(g)(2) review is not a direct appeal from a 302 commitment and the interest at stake under 6111.1(g)(2) is not one's right to liberty. The infringement upon [a petitioner's] liberty occur[s] when [he or she] was involuntarily committed pursuant to [S]ection 302 of the MHPA. By the time a [S]ection 6111.1(g)(2) petition is filed, the liberty deprivation has ended. A sufficiency review pursuant to [S]ection 6111.1(g)(2) of the [UFA] is merely a mechanism to expunge the PSP's record of an individual's 302 commitment to remove this barrier to his or her possession and control of firearms.

***Vencil***, 152 A.3d at 245 (footnote omitted). Thus, Pennsylvania courts, in interpreting the foregoing statement, have concluded that because "Section 6111.1(g)(2) merely allows a person who is precluded from possessing or owning firearms due to a prior involuntary mental health commitment to seek to expunge the record of that commitment," it does "not provide a basis to challenge the commitment itself." ***Gentis v. Commonwealth***, 2021 WL 4704155 *1, *6 (Pa. Super. Oct. 8, 2021) (non-precedential decision) (declining to consider the appellant's claim that his 302 commitment was invalid because he was not examined within two hours of his arrival at the hospital); ***see also In re. J.M.Y.***, 218 A.3d 404, 416 (Pa. 2019) (stating that, in ***Vencil***, ***supra***, our Supreme Court "interpreted the absence from the MHPA of an appeals process for 302 commitments as a deliberate legislative choice, inasmuch as the General Assembly could have supplied one if it chose to") (citation omitted); ***In re. P.M.***, 230 A.3d 454, 457-458 (Pa. Super. 2020)

(declining to consider the appellant's due process challenge to his 302 commitment); ***In re. B.F.***, 2022 WL 2348910 *1, *4 (Pa. Super. June 29, 2022) (non-precedential decision) (explaining that "Section 6111.1(g)(2) does not allow expungement based on alleged procedural irregularities" and declining to consider the appellant's claim that his 302 commitment was invalid because he was not examined within two hours of his arrival at the hospital).

Herein, Appellant filed a petition seeking to expunge the record of his involuntary commitment. Appellant's sole basis for his challenge, however, rested upon his claim that, contrary to the provisions of Section 7302(b), the physicians at GBH neither examined him nor certified his commitment within two hours of his arrival at GBH. Appellant's Petition, 12/27/22, at 3-4. Indeed, Appellant did not even couch his claim as one rooted in a challenge to the sufficiency of the evidence supporting his commitment under Section 302. ***Compare In re. R.W.W.***, 2021 WL 1718078 *1, *3 n.3 (Pa. Super. April 30, 2021) (non-precedential) (noting that the appellant alluded to a "third reason that the evidence was insufficient" under Section 6111.1(g)(2), *i.e.*, "the physician did not examine him within the requisite timeframe"). As such, Appellant's "claim was not a basis on which [he] could obtain expungement" and no relief is due. ***B.F.***, 2022 WL 2348910 at *4.[3]

_____

[3] In PSP's answer and new matter, it argued that Appellant was unable to raise a procedural challenge to his 302 commitment. ***See*** PSP's Answer and New
*(Footnote Continued Next Page)*

In Appellant's second issue, he argues that the trial court abused its discretion in declining to grant him relief pursuant to Section 6105(f) and restore his firearm rights. In particular, Appellant asserts that the trial court erred in "rejecting the unopposed expert report and testimony of Dr. Laguna regarding the likelihood that Appellant can possess a firearm without a risk of harm to himself or others." Appellant's Brief at 19. We disagree.

The decision whether to "restore the right to possess a firearm [pursuant to 18 Pa.C.S.A. § 6105(f)(1) lies] within the discretion of the trial court." ***E.G.G. v. Pennsylvania State Police***, 219 A.3d 679, 683 (Pa. Super. 2019). "[A]n abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality,

_____

Matter, 1/19/23, at 4. The PSP also raised this issue during argument at the April 25, 2023 hearing. ***See*** N.T. Hearing, 4/25/23, at 86-91. The trial court, however, did not address this particular issue when ruling on Appellant's petition. Instead, the trial court held that Appellant's

> examination began at 2:24 a.m. with an evaluation of [his] pain level, it continued prior to 3:37 a.m. with the administration of a blood draw to determine [Appellant's] BAC, it continued at 3:37 a.m. when Dr. Taylor determined that [Appellant] was too intoxicated to proceed further with a psychiatric assessment and it concluded at 12:30 p.m. with Dr. Starr's determination. This satisfies the statutory requirement that GBH examine [Appellant] within two [] hours of his arrival[.]

Trial Court Opinion, 4/25/23, at 5. While we agree with the trial court's assessment, we affirm the trial court's order based upon the fact that Appellant's due process claim is not a valid basis for obtaining expungement. ***Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (quotation omitted) ("It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself.").

prejudice, bias, or ill-will, as shown by the evidence on record." ***Id.*** (citations omitted). "Moreover, 'it is well-settled that a [] finder of fact is free to believe all, part or none of a witness' testimony.'" ***Id.*** (quotation omitted).

Section 6105(f)(1) states:

> Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person.

18 Pa.C.S.A. § 6105(f)(1).

Herein, the trial court explained its reasoning for denying Appellant's request for relief under Section 6105(f)(1) in its April 25, 2023 opinion. At the outset, the trial court rejected Dr. Laguna's "opinion that [Appellant could] possess a firearm without risk or threat to himself or others" as "incredible." Trial Court Opinion, 4/25/23, at 3. In so doing, the trial court relied upon Appellant's testimony that his marriage was potentially heading toward dissolution, which was at odds with Dr. Laguna's testimony and report that Appellant's marriage was "on a good track." ***Id.*** In addition, the trial court found that Appellant still "continues to deal with the demons of alcoholism, having relapsed after securing a positive opinion from Dr. Laguna." ***Id.*** at 6. Because the trial court found that Appellant "twice [] has resorted to firearms in reaction to his stress" and that the "stressors" Dr. Laguna believed had "diminished" were, in fact, "still very much present" in Appellant's life, the

court was unable to find that Appellant could "possess a firearm without risk to himself or others." *Id.* at 3 and 6.

Upon review, we discern no abuse of discretion on the part of the trial court. The trial court clearly considered the evidence presented by Appellant in support of his request to lift the Section 6105 firearms prohibition, namely, Dr. Laguna's expert report and testimony. The trial court, however, rejected Dr. Laguna's opinion as incredible, which it was free to do. *See E.G.G*, 219 A.3d at 683 (explaining that "a [] finder of fact is free to believe all, part or none of a witness' testimony") (quotation omitted); *see also J.C.B. v. Pennsylvania State Police*, 35 A.3d 792, 797 (Pa. Super. 2012) (concluding that the trial court was "within its discretion in failing to credit [the appellant's] denial of suicidal ideations, including a suicide attempt, and discounting the testimony of [the appellant's] psychiatric expert" when it denied the appellant's request for relief pursuant to Section 6105). Appellant, therefore, is not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/05/2024